# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| DOROTHY M. BAKER, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:19-cv-01035-STA-jay |
| APPLE INVESTORS GROUP LLC, d/b/a APPLEBEE'S NEIGHBORHOOD GRILL AND BAR, | ) ) ) ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STRIKE

Plaintiff Dorothy M. Baker filed this action in the Dyer County Circuit Court against Apple Investors Group, LLC d/b/a Applebee's Neighborhood Grill & Bar ("Applebee's), and Sherry D. Cox, manager of Applebee's, for injuries she allegedly received as the result of a slip and fall accident. Defendant Applebee's removed the action to this Court on February 22, 2019, with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff has filed a motion to remand to state court (ECF No. 11), and Defendant has filed a response to the motion. (ECF No. 12.) Defendant has filed a motion to strike Sherry D. Cox from the pleadings (ECF No. 15), and Plaintiff has responded to that motion. (ECF No. 17.) For the reasons set forth below, the motion to remand is **DENIED**, and the motion to strike is **GRANTED**.

The grounds for Plaintiff's motion to remand are based, in part, on Defendant's defective notice of removal. Therefore, the Court will look at Defendant's motion to strike first to determine whether those defects may be cured by Defendant's motion. It is undisputed that both Plaintiff and Sherry D. Cox are residents of Tennessee, while Defendant Applebee's is a resident of Florida. It is also undisputed that the presence of Cox in this lawsuit would defeat the Court's

§ 1332 diversity jurisdiction. Plaintiff contends that Cox was present in the lawsuit at the time of removal because Defendant Applebee included her in its notice of removal and supporting documentation, including listing her in the style of the case and in the allegations that support the basis of the removal, even though Cox is not listed as a defendant in the amended complaint filed in state court and no allegations are made against her. Defendant has responded that the inclusion of Cox in those documents was a "clerical error" and has moved to strike Cox from the removal papers.

Section 1446(a) of Title 28 of the United States Code sets forth the procedural requirements for a proper notice of removal.

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446. In the present case, Defendant's notice of removal contains the following defects: the notice of removal states that Cox and Plaintiff are citizens of Tennessee; Cox is listed as a party in the body of the removal pleadings as well as the case captions in each of its filings; the civil cover sheet lists Cox as a party to the lawsuit; and Defendant failed to include copies of all the state court records in its notice of removal such as the return of service for Defendant and for Cox and the consent order allowing Plaintiff permission to file an amended complaint.

After the expiration of the thirty-day period for seeking removal, the notice of removal may be amended only to correct technical defects such as "an imperfect statement of citizenship, or [to] state the previously articulated grounds more fully, or [to] correct the jurisdictional amount. Completely new grounds for removal may not be added and missing allegations may not

be furnished ...." 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3733 at 357-61 (3d ed.1998) (footnotes omitted). *See also Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 535 (E.D. Mich. 2004) (collecting cases holding that, after the thirty-day period, a defendant may seek to amend the notice of removal "only . . . to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice.")

In the present case, Defendant filed its motion to strike Cox from the pleadings after the expiration of the allowable time period for seeking removal. Therefore, the Court must determine if her inclusion in the removal papers was a technical defect such that Defendant should be allowed to strike her from those papers. The Court finds that Defendant's motion is meritorious because striking Cox from the pleadings at this juncture is a "technical correction" rather than an assertion of "new grounds for jurisdiction." *See Cent. Bank v. Jerrolds*, 2015 WL 1486368 at *5 n. 5 (W.D. Tenn. Mar. 31, 2015) (Although "technical corrections" are permitted, "new grounds for federal jurisdiction" may not be asserted after the initial 30–day removal window expires. (citations omitted)). *C.f. Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) (granting leave to amend removal notice to add allegations of citizenship of individual partners (who were already parties) in further support of defendant's claim that there was complete diversity); *Gafford v. G .E. Co*., 997 F.2d 150, 164 (6th Cir. 1993) (allowing amended notice of removal to correct defendant's principal place of business). The Court grants Defendant's motion to strike Sherry D. Cox from its removal pleadings pursuant to the authority cited above.

In the alternative, Defendant asks the Court to strike Cox from the pleadings under Rule 21 of the Federal Rules of Civil Procedure. Rule 21 allows a court to retain jurisdiction by severing claims against nondiverse dispensable defendants. *See Newman–Green, Inc. v. Alfonzo–*

*Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994) ("Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19.").

The fact that Plaintiff filed an amended complaint in state court eliminating her claims against Cox is evidence that Cox is a dispensable party to the litigation. Therefore, the Court also grants Defendant's motion to strike under Rule 21.

Next, the Court will consider Plaintiff's motion to remand. A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Once a case is removed, a plaintiff may bring a motion to remand under 28 U.S.C. § 1447(c). "[R]emoval statutes are to be narrowly construed," *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000), and "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The removing party bears the burden of showing that federal jurisdiction exists. *See Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). Plaintiff contends that this matter should be remanded for lack of diversity because (1) the removal papers list Cox, who is nondiverse, as a defendant and (2) Cox has not been dismissed from the lawsuit even though the amended complaint does not name her as a defendant.

As for Plaintiff's first contention concerning the removal papers, as discussed above, the inclusion of Cox was merely a technical defect that has been cured by the granting of Defendant's motion to strike. Plaintiff's second contention is also without merit. It is well settled that an amended complaint supersedes the original complaint. *See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part & dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.) ("[O]nce accepted, an amended complaint replaces the original."); *H.G. Hill Realty Co. v. Re/Max Carriage House, Inc.*, 428 S.W.3d 23, 35 (Tenn. Ct. App. 2013) (explaining that an amended complaint "supersedes and destroys the original complaint as a pleading").

Plaintiff was granted permission by the state court to file an amended complaint (Consent Order, ECF No. 11-4), and she did so. (Amd. Cmplt. pp. 9 – 13, ECF No. 1-2). The amended complaint makes no allegations against Cox and does not list her as a defendant; therefore, she was not a party to this lawsuit at the time of removal, and complete diversity exists. Accordingly, Plaintiff's motion to remand is denied.

In summary, Defendant Appleby's motion to strike Sherry D. Cox from the removal pleadings is **GRANTED**. The Clerk of the Court is directed to terminate Cox as a defendant. Defendant will have fourteen (14) days from the entry of this order in which to file an amended answer. Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S.THOMAS ANDERSON
CHIEF UNITD STATES DISTRICT JUDGE

Date:   May 6, 2019.